PER CURIAM.
This is an appeal by the plaintiffs Philip and Carol Auerbach from a final order dismissing their second amended complaint for inverse condemnation. We affirm.
*515 Assuming without deciding that the plaintiffs have standing to bring this action after having divested themselves of the subject property in a subsequent mortgage foreclosure action, we conclude that there has been no compensable “taking” in this case. The plaintiffs’ complaint alleges that the defendant Florida Department of Transportation’s administrative planning actions, preparatory to the institution of possible eminent domain proceedings, rendered their property economically useless and of no value. In our view, such administrative planning, which of necessity requires public hearings, does not in itself constitute a “taking” sufficient to enable the property owner to maintain an inverse condemnation action. This seems to us a self-evident proposition, else administrative planning of this sort, preparatory to a decision to institute eminent domain proceedings, would be, in effect, precluded. See, e.g., Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240 (1939); City of Chicago v. Loitz, 61 Ill.2d 92, 329 N.E.2d 208 (1975); City of Buffalo v. J.W. Clement Co., 28 N.Y.2d 241, 321 N.Y.S.2d 345, 269 N.E.2d 895 (1971), and cases cited therein. See generally 2 J. Sackman, Nichols’ The Law of Eminent Domain § 6.21[5][a] (3d ed. 1985 & Supp.1989).
AFFIRMED.